UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CHRISTOPHER M. MORGAN,

Plaintiff,

-against-

ORANGE COUNTY COURT JUDGE CRAIG BROWN,

Defendant.

26-CV-9916 (KMW)

ORDER OF DISMISSAL

KIMBA M. WOOD, United States District Judge:

Plaintiff, who is currently in custody at the Central New York Psychiatric Center, brings this action, *pro se*, under 42 U.S.C. § 1983, alleging that Defendants violated his federal constitutional rights and his rights under state law. He sues Orange County Judge Craig Brown. By Order dated November 16, 2026, the court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees.[1] (ECF 5.) The Court dismisses the complaint for the reasons set forth below.

## STANDARD OF REVIEW

The Court must dismiss an IFP complaint, or portion thereof, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction over the claims raised. *See* Fed. R. Civ. P. 12(h)(3).

[1] Prisoners are not exempt from paying the full filing fee even when they have been granted permission to proceed IFP. *See* 28 U.S.C. § 1915(b)(1).

Although the law mandates dismissal on any of these grounds, the Court is obligated to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and to interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (per curiam) (internal quotation marks and citations omitted) (emphasis in original).

## BACKGROUND

The following allegations are drawn from the complaint.[2] Plaintiff alleges, among other things, the following:

> Sum won made me hear voices that if Judge Brown I get and [I] ain't released in two years my hell angellez bike gang will kill your parents and take your parents hostage so I am really hostage. NY Charges wuz already dismissed and time served.

(ECF 1 at 7.)[3]

Plaintiff appears to seek a lien on "everything . . . Judge Craig Brown owns." (*Id.*) Plaintiff states that he "wanted to be a movie star for inventing the first president's wife to be a god." (*Id.*) He also seeks $200 million in damages for "having a movie star hostage and a president's son." (*Id.*) In addition, Plaintiff seeks to be "released from hostage [because] my two charges wuz already time served and dismissed."[4] (*Id.*)

---

[2] All spelling, grammar, and punctuation in quotations from the complaint are as they appear in the complaint, unless noted otherwise.

[3] In *Morgan v. Hoovler*, No. 26-CV-8845 (KMW) (S.D.N.Y.), Plaintiff has alleged that, between March 7, 2025, and May 5, 2025, he was indicted in the Wallkill Town Court on two charges (robbery and making terrorist threats), which he claimed were dismissed and resulted in "time served." ECF 1 at 4. Plaintiff was then indicted, apparently by Orange County District Attorney David Hoovler, on "6 new charges," including attempted murder, assault, and robbery. *Id.*

[4] Plaintiff previously filed a petition for a writ of *habeas corpus* that challenged his ongoing criminal proceedings in the New York Supreme Court, Orange County. *Morgan v.*

## DISCUSSION

### A. Judicial Immunity

The Court dismisses Plaintiff's claims against the Judge Craig Brown as barred by the doctrine of judicial immunity. Judges are absolutely immune from suit for damages for any actions taken within the scope of their judicial responsibilities. *Mireles v. Waco*, 502 U.S. 9, 11 (1991) (per curiam). "[A]cts arising out of, or related to, individual cases before the judge are considered judicial in nature." *Bliven v. Hunt*, 579 F.3d 204, 210 (2d Cir. 2009); *see Stump v. Sparkman*, 435 U.S. 349, 362 (1978) (explaining that the inquiry focuses on whether the judge was performing a "function normally performed by a judge").

"[E]ven allegations of bad faith or malice cannot overcome judicial immunity." *Bliven,* 579 F.3d at 209 (citations omitted). The doctrine of judicial immunity applies "even when such acts are in excess of [a judge's] jurisdiction, and arealleged to have been done maliciously or corruptly." *Stump*, 435 U.S. at 356 (citation omitted)). This is because, "[w]ithout insulation from liability, judges would be subject to harassment and intimidation[.]" *Young v. Selsky*, 41 F.3d 47, 51 (2d Cir. 1994). Thus, judicial immunity applies "however erroneous the act may have been, and however injurious in its consequences it may have proved to the plaintiff." *Cleavinger v. Saxner*, 474 U.S. 193, 199-200 (1985) (citation omitted).

Here, Plaintiff's claims against Judge Brown arise from actions taken in the course of Plaintiff's criminal proceedings. Plaintiff fails to allege any facts suggesting that the judge acted outside of his jurisdiction or in the absence of jurisdiction. Judge Brown is sued for damages for

---

*Arteta*, No. 25-CV-6147 (LLS) (S.D.N.Y. Apr. 30, 2026). In that action, Plaintiff indicated that the trial court had directed him to undergo an examination under Article 730 of the New York Criminal Procedure Law. That action was dismissed on April 30, 2026, for Plaintiff's failure to file an amended petition. *Id.* (ECF 6-7.)

"acts arising out of, or related to, individual cases before him," and he is therefore immune from suit for such claims. *Bliven*, 579 F.3d at 210. Accordingly, the Court dismisses Plaintiff's claims against Judge Brown because they seek monetary relief against a defendant who is immune from such relief, *see* 28 U.S.C. § 1915(e)(2)(B)(iii), and are consequently frivolous, *see* 28 U.S.C. § 1915(e)(2)(B)(i). *See Mills v. Fischer*, 645 F.3d 176, 177 (2d Cir. 2011) ("Any claim dismissed on the ground of absolute judicial immunity is 'frivolous' for purposes of [the *in forma pauperis* statute].").

**B. Habeas Relief**

In addition to seeking damages from Judge Brown, Plaintiff seeks to be released on unspecified grounds. A petition for a writ of *habeas corpus* under 28 U.S.C. § 2241 is the proper vehicle to challenge the constitutionality of pretrial detention. *See*, *e.g.*, *Taylor v. New York City*, No. 20-CV-5036 (MKV), 2020 WL 4369602, at *1 (S.D.N.Y. July 30, 2020) (construing claim by pretrial detainee seeking release due to COVID-19 exposure as arising under Section 2241 (citing *Braden v. 30th Jud. Cir. Ct. of Kentucky*, 410 U.S. 484, 494-95 (1973))). Before bringing a petition under Section 2241, exhaustion of state court remedies is required. *See United States ex rel. Scranton v. New York*, 532 F.2d 292, 294 (2d Cir. 1976) ("While [Section 2241] does not by its own terms require the exhaustion of state remedies as a prerequisite to the grant of federal habeas relief, decisional law has superimposed such a requirement in order to accommodate principles of federalism.").

Courts must give a *pro se* litigant notice and an opportunity to withdraw a submission before recharacterizing it as a *habeas corpus* petition when doing so may affect a litigant's future attempts to seek *habeas corpus* relief. *See Simon v. United States*, 359 F.3d 139, 144 (2d Cir. 2004) (discussing conversion to Section 2241 petition).

In this complaint, Plaintiff asks to be released but does notidentify the grounds on which he relies to support his claim. Plaintiff states only that he seeks to be "released from hostage [because] my two charges wuz already time served and dismissed." (ECF 1 at 7.) The only argument the Court understands Plaintiff to be making is that, in separate criminal proceedings, he was sentenced to time-served.

Plaintiff also fails to allege facts suggesting that he exhausted his state court remedies for any challenge to his Orange County proceedings. Because Plaintiff does not allege facts suggesting that he exhausted state court remedies before filing this action, it appears that it would be futile to recharacterize this civil rights action, in part, as a Section 2241 petition, and the Court therefore declines to do so.

**C. Supplemental Jurisdiction**

A district court may decline to exercise supplemental jurisdiction over state law claims when it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). Generally, "when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988) (footnote omitted).

Having dismissed the federal claims over which the Court has original jurisdiction, the Court declines to exercise its supplemental jurisdiction over any state law claims Plaintiff may be asserting. *See Kolari v. New York-Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006) ("Subsection (c) of § 1367 'confirms the discretionary nature of supplemental jurisdiction by enumerating the circumstances in which district courts can refuse its exercise.'" (quoting *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173 (1997))).

**D. Leave to Amend is Denied**

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123–24 (2d Cir. 2011); *Lucente v. Int'l Bus. Machines Corp.*, 310 F.3d 243, 258 2d Cir. 2002). Because Plaintiff cannot cure the defects in his complaint with an amendment, the Court declines to grant Plaintiff leave to amend.

## CONCLUSION

The Court dismisses the complaint as frivolous and for seeking monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B)(i), (iii).

The Court declines to exercise supplemental jurisdiction over any state law claims Plaintiff may be asserting. *See* 28 U.S.C. § 1367(c)(3).

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Court directs the Clerk of Court to enter judgment dismissing this action.

SO ORDERED.

Dated: November 19, 2026
New York, New York

/s/ Kimba M. Wood
KIMBA M. WOOD
United States District Judge